## MIKKELSEN *v.* OCEAN & INLAND TRANSP. CO.

*(City Court of Brooklyn, General Term.* May 3, 1890.)

NEGLIGENCE—PROVINCE OF JURY.

Plaintiff, while employed on defendant's ship, was injured by the breaking of a rope. It was conceded a three-inch rope was unsuitable. Three witnesses for plaintiff testified that the rope in question was only three inches thick, and three witnesses for defendant testified that it was not less than four inches. *Held*, that the question of defendant's negligence was for the jury, and their verdict for plaintiff would not be disturbed.

Appeal from trial term.

An action by Louis Mikkelsen to recover for injuries sustained while engaged in dismantling a vessel owned by defendant, the Ocean & Inland Transportation Company. While the main topmast was being lowered, the rope which held it broke, and the mast fell on plaintiff's leg, causing the injuries complained of. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*John Berry*, for appellant. *J. E. Swanstrom*, for respondent.

CLEMENT, C. J. We are of opinion that the questions involved in this case were of fact, and that the learned trial judge properly instructed the jury as to the law applicable to the facts of the case. The defendant's counsel moved to dismiss, at the end of the testimony in behalf of the plaintiff, and at the conclusion of the trial, and excepted to the denial of the motions, and there are no other exceptions in the case. The counsel for the defendant requested the court to charge that the master is not bound to furnish the best-known appliances; that he is bound only to furnish such as are reasonably safe; which request was charged. There were three witnesses for the plaintiff who testified that the rope which was furnished was only three inches in thickness, and three witnesses for the defendant testified that it was not less than four inches, and the only question as to the negligence of the defendant was whether the rope was of the size testified to by the witnesses for the plaintiff or the defendant; for the reason that the witnesses for the defendant conceded that a three-inch rope was not suitable to use in the work at which plaintiff was engaged when he was injured. Capt. Littlefield said that he furnished a four and one-half inch rope, but he also says that the rope which broke was the one he furnished. The question of the negligence of the defendant was clearly one of fact, and therefore was properly submitted to the jury. The question of contributory negligence was also one of fact. The plaintiff had a right to assume that the master had performed the duty which the law imposed on him, and the servant is not called upon to test appliances, and is not assumed to have the same knowledge and skill as the master. The verdict was not against the weight of evidence, as there were the same number of witnesses for plaintiff as for the defendant, and, within the authorities, the damages were not excessive. Judgment and order denying a new trial affirmed, with costs.