## McGOURTY v. CURRAN et al.

(*City Court of Brooklyn, General Term.*   November 24, 1890.)

1. REVIEW ON APPEAL—QUESTION OF FACT.
   In an action by an employe against his employers for injuries from the breaking of a rope with which he was working, which they had furnished for the purpose, and which he alleged was unsafe and known by them to be so, the testimony as to the quality and condition of the rope was conflicting.   *Held*, that this was a question of fact, and the verdict of the jury for plaintiff was conclusive thereon.   Following *Mikkelsen* v. *Transportation Co.*, 9 N. Y. Supp. 741.

2. MASTER AND SERVANT—ASSUMPTION OF RISK—INSTRUCTIONS.
   Defendants requested instructions to the jury, in substance, that knowledge by them of the unfitness of the rope, and ignorance thereof by plaintiff, were of the essence of the action; that if plaintiff knew the rope was worn, and neglected to procure a new one from defendants, and continued to work with it, he could not recover; and that it was his duty, as soon as he discovered that the rope was worn, to inform defendants.  · *Held*, that a refusal to give the instructions asked was not error.

Appeal from trial term.

Action by Frank McGourty against John Curran and Robert T. Mills for personal injuries to plaintiff while in the employ of defendants, helping to unload broken stone from a scow.   The rope with which he was hauling the stone, raised from the scow by a derrick to railroad cars, broke, causing him to fall from a car backward on a heap of stone, whereby he was injured.   The rope was furnished by defendants for the purpose, and was alleged by plaintiff to have been unsafe and unfit for use when given to him.   The evidence as to its quality and condition was conflicting.   At the close of the charge to the jury, defendants presented requests for instructions, as follows: "To render the defendants liable, it must appear that they knew, or, from the nature of the case, ought to have known, of the unfitness of the tag-rope furnished to the plaintiff, and that the plaintiff did not know, or could not reasonably be held to have known, of the defect.   Knowledge on the part of the em-

ployer, and ignorance on the part of the employe, are of the essence of the action." "If the plaintiff knew that the rope was worn, and neglected to procure a new one from the defendants' store-house, and continued to work with the old one, he cannot recover in this action." "It was the plaintiff's duty, as soon as he discovered that the rope was worn, to inform the defendants or their foreman, and he had no right to continue to work with the rope in this condition and expose himself to danger because of it." Each of these the court refused to charge, further than already charged, and to these refusals exceptions were taken, which are the exceptions mentioned in the opinion. The jury found a verdict for plaintiff, and a motion by defendants for a new trial was denied. From the judgment, and the order denying their motion for a new trial, defendants appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Charles C. Nadal, (Thomas S. Moore,* of counsel,) for appellants. *Patrick Keady,* for respondent.

PER CURIAM. We have carefully examined the record in this case, and conclude that the questions involved were purely of fact. As to the quality and condition of the rope, the testimony was conflicting, and the verdict of the jury was conclusive that the defendants failed to perform the duty which the law placed upon them, and that the plaintiff was injured through the neglect of the defendants, and without carelessness on his part. This case is similar to that of *Mikkelsen* v. *Transportation Co.,* 9 N. Y. Supp. 741, and our opinion in that case is in point. Judgment and order denying new trial affirmed, with costs.